# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KATHLEEN HOLT, JOSE RUVALCABA, and STEPHANIE BAUMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>FOODSTATE, INC., d/b/a MEGAFOOD, d/b/a INNATE RESPONSE FORMULAS,<br><br>Defendant. | Case No. 1:17-cv-00637-LM<br><br>[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING<br><br>Judge: Hon. Landya B. McCafferty |

This matter came before the Court on the Joint Motion for Preliminary Approval of the Proposed Class Action Settlement (the "Settlement") of the case entitled *Kathleen Holt, Jose Ruvalcaba and Stephanie Bauman, et al. v. FoodState, Inc., d/b/a MegaFood, d/b/a Innate Response Formulas*, in the U.S.D.C., District of New Hampshire, Case No. 1:17-cv-00637-LM (the "Action"). The Action is brought by plaintiffs Stephanie Bauman, Kathleen Holt, and Jose Rubalcava ("Plaintiffs"), individually and on behalf of all others similarly situated, against defendant FoodState, Inc., ("Defendant" or "FoodState" and, together with Plaintiffs, the "Parties"). The Parties have entered into an Agreement and General Release ("Agreement") to

1

settle this Litigation and have jointly moved for preliminary approval of the proposed class action settlement (the "Motion for Preliminary Approval"). The Agreement, the exhibits thereto, and the exhibits to the Motion for Preliminary Approval, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this Litigation.

Having reviewed the Agreement and its exhibits, the Motion for Preliminary Approval and supporting memorandum of points and authorities, the pleadings and other papers on file in this action, and statements of counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order shall have the same meaning ascribed to them in the Agreement.

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves claims alleged in the class action Complaint filed on October 22, 2017.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. The Court finds that the proposed settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class. This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Agreement to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

5. <u>Class Certification for Settlement Purposes Only</u>.  The Court conditionally certifies, for purposes of this Settlement only, the Settlement Class (as defined below):

> All residents of the United States and its territories who purchased for personal use, and not resale or distribution, a Covered Product between January 15, 2011 and September 15, 2018.

Specifically excluded from the Settlement Class are the following Persons:

1. FoodState and its respective affiliates, employees, officers, directors, agents, and representatives, and their immediate family members;

2. Settlement Class Counsel and partners, attorneys, and employees of their law firms; and

3. The judges who have presided over the Litigation, the case identified in Paragraph I.B of the Agreement, or the mediations referenced in Paragraph I.E of the Agreement, and their immediate family members.

6. <u>Class Representatives</u>.  The Court appoints Plaintiffs (Kathleen Holt, Jose Rubalcava, and Stephanie Bauman) to act as Class representatives of the Settlement Class pursuant to Fed. R. Civ. P. 23.

7. <u>Class Counsel</u>.  The Court appoints Abbas Kazerounian and Jason A. Ibey of Kazerouni Law Group, APC, and Joshua B. Swigart of Hyde & Swigart, as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23.

8. <u>Final Approval Hearing</u>.  At _____.m. on _____, 201_, at Courtroom __ of U.S.D.C., District of New Hampshire, 55 Pleasant Street, Concord, NH 03301, or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied in the Agreement should be granted, and (b) Class Counsel's application

for attorneys' fees and costs, and incentive awards to Plaintiffs, should be granted, and in what amount.

9. <u>Settlement Administrator</u>.   Kurtzman Carson Consultants ("KCC") is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

10. <u>Class Notice</u>.  The Court approves the proposed plan for giving notice to the Settlement Class through an appropriate publication/media program and establishment of a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement (the "Notice Plan").  The Settlement Website shall include, at a minimum, downloadable copies of the Class Notice, Claim Form, and Agreement, and shall be maintained in accordance with terms of the Agreement.  The Notice Plan, in form, method and content, complies with the requirements of Fed. R. Civ. P. 23 and due process, and (i) constitutes the best notice practicable under the circumstances, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all requirements of applicable law.  The Court hereby directs the Parties and the Settlement Administrator to provide for the national publication notice and commence the internet banner advertisements no later than _____, 201_, which is forty-five (45) days from the date of this order ("Notice Deadline").  The Court further orders the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

11. <u>Claim Form</u>.  The Court approves the Claim Form, Exhibit A to the Agreement, and directs that the Claim Form be available on request (either by letter or telephone) from the Settlement Administrator and downloadable from the Settlement Website.

4

12. <u>Requesting Benefits</u>. The Court orders that any Settlement Class Member who wishes to request benefits under the Settlement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement no later than _____, which is ninety-five (95) days from the entry of this Order, and is also fifty (50) days from the Notice Deadline.  Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but, unless they opt out, nonetheless shall be barred by the Release and provisions of the Agreement and the Final Order and Judgment.

13. <u>Claims Deadline</u>.  Persons in the Settlement Class must submit online or postmark their completed Claim Form addressed to the Settlement Administrator no later than fifty (50) days following the Notice Deadline.

14. <u>Opt-Out and Objection Deadline</u>.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 201_, which is sixty (60) calendar days after the Notice Deadline.  Persons in the Settlement Class may not both object and opt-out.  If a person both requests to opt-out (be excluded) and objects, the request to opt-out will control.

15. <u>Exclusion from the Settlement Class (Opt-Outs)</u>.  The Court orders any members of the Settlement Class who wish to exclude themselves from the Settlement Class to submit appropriate, timely requests for exclusion in accordance with the procedures outlined in the Agreement and Class Notice, postmarked no later than _____ Days from the entry of this Order, or as the Court may otherwise direct, and sent to the Settlement Administrator at the address on the Class Notice.

16. To request exclusion from the Settlement Class, the request for exclusion must be personally signed by the Person in the Settlement Class requesting exclusion, contain a statement

5

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT; CASE NO. 1:17-CV-00637-LM

that indicates his or her desire to be excluded from the Settlement Class in the matter of *Kathleen Holt, Jose Ruvalcaba and Stephanie Bauman, et al. v. FoodState, Inc.* (or sufficient words to indicate the present lawsuit against FoodState, Inc.), and contain a statement that he or she is otherwise a Person in the Settlement Class and purchased one or more of the Covered Products.

17. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class. Requests for exclusion must be made on an individual basis.

18. The Settlement Administrator will retain a copy of all requests for exclusion. Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator will file with the Court a declaration that lists all of the exclusion requests received.

19. The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) on or before _____ Days from the entry of this Order will be bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release (as set forth in the Agreement).

20. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

21. All Settlement Class Members who do not exclude themselves or Opt-Out will be bound by all determinations and judgments concerning the Settlement.

22. <u>Opt-Out List</u>. The Court orders the Settlement Administrator to provide the Opt-Out List to Settlement Class Counsel and FoodState's Counsel no later than seven (7) Days after

the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

23. <u>Objections</u>.  The Court orders any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement to file with the Court and serve on Settlement Class Counsel and FoodState's Counsel no later than _____, which is one hundred and five (105) days from the entry of this Order, or as the Court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

   a. The objector's full name, address, and telephone number;
   b. If represented by an attorney, the attorney's full name, address, and telephone number;
   c. A signed declaration that he or she is a member of the Settlement Class and purchased Covered Product(s);
   d. A written statement of all grounds for the objection;
   e. A statement of whether the objector intends to appear at the Fairness Hearing; and
   f. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney representing the objector who will appear at the Fairness Hearing.

24. The Court orders that any Settlement Class Member who does not file a timely written objection to the settlement or who fails to otherwise comply with the requirements of Section VII.C of the Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

25. The Court orders any attorney hired by a Settlement Class Member for the purpose

7

of objecting to the proposed Agreement, the Attorneys' Fee Award, the Litigation Expense Reimbursement, or the Incentive Award and who intends to make an appearance at the Fairness Hearing to provide to the Settlement Administrator (who shall forward it to Settlement Class Counsel and FoodState's Counsel) and to file with the Clerk of the Court a notice of intention to appear no later than _____, which is one hundred and five (105) days from the entry of this Order or as the Court may otherwise direct.  Counsel who do not adhere to these requirements will not be heard at the Fairness Hearing.

26. Concurrently with the filing a request for final approval of the settlement, the Settlement Administrator shall file a declaration with the Court that includes all objections to the settlement that were received by the Settlement Administrator.

27. Either Class Counsel or the Settlement Administrator shall give notice to an objecting party of any continuance of the hearing of the motion for final approval.

28. <u>Establishment of a P.O. Box</u>.  The Court directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, and any other communications, and providing that only the Settlement Administrator, Settlement Class Counsel, FoodState's Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Agreement.

29. <u>Settlement Class Counsel applications</u>. The Court directs that Settlement Class Counsel shall file their applications for the Attorneys' Fee Award, Litigation Expense Reimbursement, and Named Plaintiff's Incentive Award within 75 days from the entry of this Order in accordance with the terms set forth in Section VI. of the Agreement, and any supplemental briefing no later than 30 days before the final approval hearing.

30. <u>Stay</u>.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed and suspended until further order of this Court.

31. <u>Preliminary injunction</u>. The Court preliminary enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by FoodState and/or any other Released Person and Settlement Class Counsel as a result of the violation.  The Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.   Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any person in the Settlement Class, or any person

actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

32. <u>In the event final Settlement is not approved</u>. If for any reason whatsoever the Agreement is terminated pursuant to its terms, this Settlement is not finalized, or the Settlement as detailed in the Agreement is not finally approved in all material respects by the Court, or if such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be void and deemed vacated, and the Parties and the Action will return to the status quo as it existed prior to the Agreement as if the Settlement Class had never been certified, and no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding, except as provided in the Agreement. No agreements, documents, or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Defendant, or any other person to establish liability, any defense, and/or any of the elements of class certification, whether in the Action or in any other proceeding.

33. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an

admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

34. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties, provided the Settlement Class Members are informed of the modifications through a notice available on the Settlement Website.

35. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| <u>July 1</u>, 201<u>9</u><br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| <u>July 29</u>, 201<u>9</u><br>[75 days after the date of this Order] | Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards |
| <u>August 19</u>, 201<u>_</u><br>[95 days after the date of this Order] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| <u>August 28</u>, 201<u>9</u><br>[105 days after the date of this Order] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| <u>September 27</u> 201<u>9</u><br>[135 days after the date of this Order] | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper requests for exclusion; |

| | |
|---|---|
| | (2) Proof of Class Notice; and <br> (3) Joint motion for final approval of proposed class action settlement, including responses to any objections. |
| November 4, 2019 at __.m. 9:30 AM [Approx. 60 days after Opt-Out and Objection Deadline] | Final Approval Hearing (Fairness Hearing) |

36. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the Settlement Class Counsel and FoodState's Counsel without further notice.

37. Neither the Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Agreement, this Preliminary Approval Order, or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including FoodState, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

IT IS SO ORDERED.

Dated: May 15, 2019

_____
Hon. Landya B. McCafferty
United States District Judge