1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **KATHLEEN HOLT, JOSE RUVALCABA, and STEPHANIE BAUMAN, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**FOODSTATE, INC., d/b/a MEGAFOOD, d/b/a INNATE RESPONSE FORMULAS,**<br><br>**Defendant.** | Case No. 1:17-cv-00637-LM<br><br>**FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Judge: Hon. Landya B. McCafferty |

The Court having held a Final Approval Hearing on January 6, 2020, notice of the Final Approval Hearing having been duly given in accordance with this Court's order (1) preliminarily

1

approving class action settlement, (2) conditionally certifying Settlement Class, (3) approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement and Release, including its exhibits, and the Addendum thereto fully executed on April 11, 2019 (the "Agreement"), and the definitions contained therein are incorporated by reference in this Final Approval Order.  The terms of this Court's Preliminary Approval Order issued on May 15, 2019,  (Dkt. No. 25) are also incorporated by reference in this Final Approval Order.

2.      This Court has jurisdiction over the subject matter of this action and over the Parties, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3.      The Settlement Class is defined as follows:

> All residents of the United States and its territories who purchased for personal use, and not resale or distribution, a Covered Product between January 15, 2011 and September 15, 2018.

Specifically excluded from the Settlement Class are the following Persons:

1.   FoodState and its respective affiliates, employees, officers, directors, agents, and representatives, and their immediate family members;

2.   Settlement Class Counsel and partners, attorneys, and employees of their law firms; and

3.   The judges who have presided over the Litigation, the case identified in Paragraph I.B of the Agreement, or the mediations referenced in Paragraph I.E of the Agreement, and their immediate family members.

Additionally, the ten persons who validly excluded themselves from the Settlement Class are not Settlement Class Members as that term is defined and used herein, and shall not be

2

bound by this Final Approval Order or any release provided herein.  The deadline for Settlement Class Members to request exclusion from the Settlement was August 28, 2019.  A list identifying the ten (10) persons who timely and validly excluded themselves from the Settlement Class is attached hereto as Exhibit A.

4.    The deadline for Settlement Class Members to file an objection was August 28, 2019.  No objections to the Settlement were received by the Settlement Administrator and the Court is unaware of any objections to the Settlement.

5.    The Court finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Settlement Class Counsel, on the one hand, and Defendant and Defendant's Counsel, on the other hand.

6.    The Court finds that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.E of the Agreement and this Court's Preliminary Approval Order.  The Court further finds that the Media Notice was provided in accordance with the terms set forth in the Agreement.

7.    The Court finds that the Notice Program and claims submission procedures fully satisfy Fed. R. Civ. P. 23 and the requirements of due process, and constitute the best notice practicable under the circumstances.

8.    This Court finds that Class Notice fully satisfied the requirements Fed. R. Civ. P. 23.

9.    The Court finds that the Agreement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Fed. R. Civ. P. 23, and directs its consummation pursuant to its terms and conditions.  The Plaintiffs, Kathleen Holt, Jose Ruvalcaba, and Stephanie Bauman, in their role as Class Representatives, and Settlement Class Counsel (Abbas Kazerounian and Jason A. Ibey) adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.  Accordingly, the Agreement is finally approved in all respects, and the Parties are directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10.     The Court approves Class Counsel's application for attorneys' fees of $517,259.29, which the Court finds to be fair and reasonable according to either the percentage-of-the-fund or lodestar method, and the Court finds Plaintiffs' counsel's hourly rates are reasonable.  The Court also approves the Class Counsel's application for $49,740.71 in litigation costs.  Accordingly, Settlement Class Counsel is awarded a total of $567,000 (in fees and costs combined), and such amount is to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

11.     The Court finds the payment of a service award in the amount of $1,500 to each of the Class Representatives, Kathleen Holt, Jose Ruvalcaba, and Stephanie Bauman, is fair and reasonable.  Accordingly, each Class Representative is awarded $1,500, paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12.     The Settlement Administrator shall be paid reasonable notice and claims administration expenses from the Settlement Fund, not to exceed $425,299.10.

13.     The Court denies the 131 foreign claims.

14.     The Court approves the 196 valid claims with accompanying proof of purchase, as well as the 46,186 valid claims submitted without valid proof of purchase.

15.     The Settlement Class Members who submitted a timely and valid claim shall be paid in accordance with Paragraph IV.E. of the Agreement.

16.     To the extent required under the terms of the Agreement, the Court approves Public Justice Foundation and Feed the Children as the *cy pres* beneficiaries, to share equally in any *cy pres* distribution of unclaimed settlement funds. The Settlement Administrator shall certify to this Court what, if any amount is donated to the *cy pres* beneficiaries and on what date that donation was transmitted.

17.     The Settlement Class described in paragraph 3 above is finally certified, solely for purposes of effectuating the Agreement and this Final Approval Order.

18.     The requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for settlement purposes.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

19.     The Settlement Administrator is directed to distribute the Available Cash Award Total to the Settlement Class pursuant to the terms of the Agreement, commencing upon the Effective Date.  The Effective Date shall be deemed to be thirty (30) days from the date of this Order, provided there is no appeal therefrom and no request for an extension of the period for bringing an appeal pursuant to 28 U.S.C. § 2107(c) has been timely filed.

20.     Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement.  In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

21.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

22.     Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

23.     As of the Effective Date, the Named Plaintiffs and all Settlement Class Members, whether or not they have returned a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against FoodState and/or any Released Persons, and all Settlement Class Members shall have released any and all Released Claims as against FoodState and all Released Persons.

24.     The Settlement Agreement and the Final Order And Judgment are binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release, maintained by or on behalf of the Named Plaintiffs and any or all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors.

25.     The Court hereby bars and permanently enjoins all Settlement Class Members from (a) filing, commencing, prosecuting, intervening in, or participating in any way (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, and (b) organizing Settlement Class Members (or any subgroup thereof) into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including, without limitation, by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

26.     If an appeal is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement. If for any reason whatsoever this Settlement is not finalized or there is no Effective Date of the Settlement as detailed in the Agreement, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of

6

waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Defendant or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

27.     Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 65(d)(1). The Court orders that, upon the Effective Date, the Agreement shall be the exclusive remedy for any and all Released Claims of the Named Plaintiffs and each and every Settlement Class Member against the Released Persons.  The Clerk of the Court is directed to enter this Final Approval Order on the docket forthwith.

28.     The Court retains jurisdiction over the Parties and the Settlement Fund to enforce the Agreement and terms of this Final Approval Order.

29.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement.

30.     For the reasons stated herein and for all the reasons stated on the record at the Final Approval Hearing on January 6, 2020, the court grants the parties' joint motion for final approval of this class action settlement (Dkt. No. 29) and grants plaintiffs' motion for attorney's fees (Dkt. No. 26) as outlined above.

IT IS SO ORDERED.

Dated:   January  16, 2020          _____

Hon. Landya B. McCafferty
United States District Judge

7

1

# **EXHIBIT A**

2

3    First Name    Last Name
     JULIO        ARTEAGA
4    MARK         ATWOOD
     RANDY R.     RODRIGUEZ
5    YULIANA      RODRIGUEZ
     EMMA L.      DUNNING
6    PATRICK      ANGELINE
     LILLIAN      DREVDAHL
7    KIM          MACK
     DAVID        WADE
8    JANETH       PEREZ
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8